## WASHINGTON COUNTY.

COURT OF PROBATE OF THE DISTRICT OF NARRAGANSETT *vs.* DANIEL A. CASWELL *et al.*

The provisions of Pub. Stat. R. I. cap. 168, § 18, requiring a guardian, at the time of his advertised notice of appointment, to notify the creditors of his ward to exhibit their claims within six months from the date of the notice are mandatory. Neglect to comply with them works a breach of the guardian's bond.

DEBT.   Heard by the court, jury trial being waived.

*Providence, February* 11, 1893.   PER CURIAM.   This is an action of debt on a guardian's bond.   One of the breaches assigned is that the guardian " did not notify the creditors of his ward to exhibit their claims within six months."

Pub. Stat. R. I. cap. 168, §§ 17, 18, 27, are as follows:

"SEC. 17.   Upon the appointment or approval of any guardian as aforesaid, he shall give immediate notice thereof by advertisement, six successive weeks, in some newspaper published in this state.

"SEC. 18.   He shall also at the same time notify the creditors of his ward to exhibit their claims within six months from the date of said notice."

"SEC. 27.   Every creditor of a ward shall exhibit his claim to the guardian within six months after notice given as required in section eighteen, or shall be forever barred of all claim therefor against the guardian, unless there shall be surplus property in his hands, after paying all debts and expenses and allowances made by the court of probate."

The defendant Daniel A. Caswell, subsequent to his appointment as guardian, gave notice thereof, and at the same time notified the creditors of his ward to exhibit their claims, by publication in a newspaper in the following form:

"Guardian's Notice. The subscriber having been appointed by the Honorable Court of Probate of the District of Narragansett, guardian of the estate of William E. H. Whaley, of said District, and having given bonds according to law, is now legally qualified to act. All persons having claims against the same are requested to present them for settlement and those indebted to make settlement to Daniel A. Caswell, Guardian."

This notice was not dated, nor did it notify the creditors to exhibit their claims within six months from the date of the notice as required by- § 18, above. In support of the notice, it is argued that the statute should be construed to be merely directory, and that the notice is sufficient, because creditors are to be presumed to know the law, and, therefore, notice to present their claims for settlement is a notice to exhibit their claims within the six months limited by statute.

We do not think that this is the proper construction to be put on the statute. The statute is explicit that the guardian shall notify the creditors to exhibit their claims *within six months*. In view of the fact that the time so limited, within which claims are to be exhibited, is brief, and of the important consequence which is to ensue to the creditor under § 27, above, from a failure to exhibit his claim within the period limited, we think that it was the intention of the General Assembly that the requirement of § 18, above, should be mandatory and, therefore, that there should be a strict compliance with its terms in the giving of the notice.

We are of the opinion, therefore, that the failure to give the notice as required by the statute is to be regarded as a breach of the bond, and that judgment should be rendered for the plaintiff for the penal sum of the bond.

*James Tillinghast*, for the plaintiff.

*Albert B. Crafts*, for the defendants.